IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES ELLIOT CURRY, )
 )
      Plaintiff, )
 ) Case No. 10 C 0137
      v. )
 )
MICKEY'S LINEN & TOWEL SUPPLY, )
INC., an Illinois corporation, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On January 9, 2010, Plaintiff Charles Elliot Curry ("Curry"), who is African-American, filed the instant Complaint against his former employer Defendant Mickey's Linen & Towel Supply ("Mickey's") alleging race discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq*. Before the Court is Mickey's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Mickey's motion and dismisses this lawsuit in its entirety.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required

to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). The Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809-10 (7th Cir. 2005); *see also Corley v. Rosewood Care Ctr., Inc. of Peoria,* 388 F.3d 990, 1001 (7th Cir. 2004) (when a party fails to cite the record, "we will not root through the hundreds of documents and thousands of pages that make up the record here to make his case for him."). With these standards in mind, the Court turns to the relevant facts of this lawsuit.

## II.     Relevant Facts

Mickey's operates a facility in Chicago, Illinois at which it leases and launders tablecloths, napkins, mats, and a variety of other products for customers, such as hospitals. (R. 30-1, Def.'s Stmt. Facts ¶ 1.) In 2006, Curry started working for Mickey's as a Route Sales Representative ("RSR") at its Chicago location. (*Id*.) As a RSR, Curry was responsible for dropping off clean linens and other products at the customers on his route and for picking up

soiled products. (*Id*. ¶ 4.) As Mickey's primary contacts with its customers, RSRs also have customer service obligations, including coordinating delivery and pick-up, collections, addressing customer complaints, and making sales. (*Id*.)

In February 2009, Mickey's decided to terminate Curry's employment based on his noncompliance with company policies and procedures, as well as several disciplinary incidents involving Curry. (*Id*. ¶¶ 15, 16.)[1] Curry filed charges with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2009 alleging race discrimination and retaliation in violation of Title VII. (*Id*. ¶ 20; R. 1, Compl., Ex. 1.) The EEOC issued Curry his right-to-sue letter on October 6, 2009. (*Id*. ¶ 24; Compl., Ex. 2.) On January 9, 2010, Curry filed the present Title VII lawsuit alleging a race discrimination claim. Curry did not allege a Title VII retaliation claim in the present lawsuit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as

---

[1] Because Curry does not admit or deny Mickey's Statement of Facts ¶¶ 15, 16, the Court admits these facts as true for purposes of this summary judgment motion. *See Patterson v. Indiana Newspapers, Inc.,* 589 F.3d 357, 360-61 (7th Cir. 2009); *see also Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006) ("district courts are entitled to expect strict compliance with Local Rule 56.1.").

to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed.R.Civ.P. 56(e)(2) (requiring adverse party to "set out specific facts").

## ANALYSIS

**I.      Timeliness**

Mickey's first argues that Curry failed to file his federal lawsuit within 90 days of receiving his right-to-sue letter from the EEOC, and thus Curry is precluded from bringing the present Title VII lawsuit. *See* 42 U.S.C. § 2000e-5(e)(1); *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). More specifically, Curry's right-to-sue letter is dated October 6, 2009, and Curry filed this lawsuit 100 days later on January 9, 2010. Although the 90 day time period is triggered on the date that Curry received his right-to-sue letter, *see Prince,* 580 F.3d at 574, in response to Mickey's summary judgment motion, Curry does not explain or provide facts establishing the date that he received his EEOC right-to-sue letter. In addition,, Curry does not argue that the doctrine of equitable tolling should apply. *See Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). Nevertheless, it is Mickey's burden to prove that this lawsuit is untimely, which Mickey's has failed to do by setting forth facts establishing the date that Curry received his right-to-sue letter. *See Prince,* 580 F.3d at 574. The Court therefore turns to the merits of Mickey's summary judgment motion.

4

**II.     Title VII Discrimination Claim**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To avoid summary judgment on his race discrimination claim, Curry can use either the direct method or indirect method of proof pursuant to the familiar *McDonnell Douglas* framework. *See Naik v. Boehringer Ingelheim Pharm., Inc.,* 627 F.3d 596, 599 (7th Cir. 2010); *Egonmwan v. Cook County Sheriff's Dept.,* 602 F.3d 845, 849-50 (7th Cir. 2010). Because Curry did not file a Northern District of Illinois Local Rule 56.1(b)(3)(C) Statement of Additional Facts, Curry has not presented any direct evidence of race discrimination, therefore, the Court turns to the indirect method of proof.[2]

To establish a prima facie case under the indirect method of proof, Curry must show that (1) he is a member of a protected class; (2) his job performance met Mickey's legitimate expectations; (3) he suffered an adverse employment action; and (4) Mickey's treated similarly situated individuals outside of his protected class more favorably. *See Egonmwan,* 602 F.3d at 850; *Swearnigen-El v. Cook County Sheriff's Dept.,* 602 F.3d 852, 860 (7th Cir. 2010). If Curry establishes all four prima facie elements of race discrimination, the burden then shifts to Mickey's to offer a legitimate, nondiscriminatory reason for the adverse employment action. *See Naik*, 627 F.3d at 600. If Mickey's meets this burden, Curry must demonstrate that the proffered reasons are pretext for discrimination. *See Egonmwan,* 602 F.3d at 850; *see also Everroad v.*

---

[2] In addition, Curry's legal memorandum in response to Mickey's summary judgment motion and opening brief consisted of two sentences. (R. 36, Pl.'s Resp., at 1.)

5

*Scott Truck Sys., Inc.*, 604 F.3d 471, 479 (7th Cir. 2010) ("Pretext means a dishonest explanation, a lie rather than an oddity or an error.") (citation omitted).

Here, the parties do not dispute that Curry is a member of a protected class and that Mickey's termination of his employment is an adverse employment action under the first and third elements of a prima facie case of race discrimination. *See Montgomery v. American Airlines, Inc.,* 626 F.3d 382, 394 (7th Cir. 2010). Therefore, only the second and fourth elements are at issue in this summary judgment motion.

First, it is undisputed that Mickey's terminated Curry's employment based on an investigation into his dishonesty regarding deliveries to a customer on January 13 and 16, 2009. (Def.'s Stmt. Facts ¶ 15.) Mickey's also explains that Curry had a lengthy disciplinary history, that he did not comply with company policy and procedure, and that his discharge notice referenced five previous disciplinary actions. (*Id*. ¶ 16.) Viewing this evidence and all reasonable inferences in Curry's favor, he has failed to establish the second element of his prima facie case, namely, that his job performance met Mickey's legitimate expectations. *See Naik*, 627 F.3d at 600 (employee must meet employer's legitimate expectations at time of termination).

Next, Curry fails to establish the fourth prima facie element of his race discrimination claim. More specifically, under the fourth element, Curry must show that Mickey's treated a similarly situated non African-American employee more favorably. "Similarly situated employees must be 'directly comparable to the plaintiff in all material respects, which includes showing that the coworkers engaged in comparable rule or policy violations.'" *Id.* at 601 (quoting *Patterson v. Indiana Newspapers, Inc.,* 589 F.3d 357, 365-66 (7th Cir. 2009)). The purpose of the similarly situated test "is to determine whether there are enough common factors

between a plaintiff and a comparator – and few enough confounding ones – to allow for a meaningful comparison in order to divine whether discrimination was at play." *Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 560 (7th Cir. 2007).

There is no evidence in the record that another employee, who was not African-American, engaged in comparable rule or policy violations. As mentioned, Curry failed to file a Northern District of Illinois Local Rule 56.1(b)(3)(C) Statement of Additional Facts, and thus he has not provided any evidence concerning other employees in the first instance. Thus, construing the facts and all reasonable inferences in Curry's favor, he has not established the fourth prima facie element of his race discrimination claim.

Finally, even if Curry had established a prima face case of race discrimination, Mickey's set forth evidence of its legitimate, non-discriminatory reasons for terminating Curry's employment – Curry was dishonest, failed to follow company procedures and rules, and had to be disciplined numerous times. *See Naik,* 627 F.3d at 601 (only question is whether employer had legitimate, nondiscriminatory reason, not whether it was correct decision). Moreover, Curry has failed to argue, let alone establish, that Mickey's reasons were pretext for discrimination. As such, the Court grants Mickey's motion for summary judgment as to Curry's race discrimination claim.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56(c). The Court dismisses this lawsuit in its entirety.

**Date:** February 8, 2011

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**